IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
      v.                        )          Case No. 06-20151-JWL
                                )
JERRY L. LESTER,                )
                                )
            Defendant.          )
                                )
_____ )

**MEMORANDUM AND ORDER**

This matter comes before the Court on various motions and petitions relating to defendant's forfeiture of certain firearms and ammunition. For the reasons set forth below, the Court rules as follows: the petitions by Leroy Lester (Doc. # 79) and Jerry L. Lester, Jr. (Doc. # 80) asserting interests in property subject to forfeiture are **dismissed**, and the United States's motions to dismiss those petitions (Doc. ## 106, 109) are **granted**; defendant's motion for a stay of forfeiture pending appeal (Doc. # 77) is **granted** as unopposed, and the United States's motion for final order of forfeiture (Doc. # 70) therefore remains pending; defendant's other motions for continuance and stay (Doc. ## 76, 84) are **denied**; defendant's motion for discovery relating to the forfeiture (Doc. # 91) is **denied**; and defendant's motion seeking information from the United States regarding property seized from defendant (Doc. # 114) is **denied**, although the Court orders the United States to return immediately any property seized from defendant

that has not been forfeited as a part of defendant's sentence.

Defendant has also filed various motions (Doc. ## 93, 94, 95, 97, 98, 99, 100) seeking orders compelling the United States to provide documents and information to defendant. Those motions are all **denied**.

### I. Background

On October 11, 2006, the United States filed an indictment charging defendant with two counts of making a false statement in connection with the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6) (Counts 1 and 3), and three counts of possessing a firearm in commerce while an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) (Counts 2, 4, and 5). The indictment also sought forfeiture of any firearms and ammunition involved in the charged offenses under 18 U.S.C. § 924(d). On February 23, 2007, the Court acquitted defendant of Counts 1 and 2, but a jury convicted defendant of the remaining counts. On March 8, 2007, the Court issued a preliminary order of forfeiture by defendant of five specific firearms and 10,059 rounds of assorted ammunition (Doc. # 45). On June 21, 2007, defendant was sentenced to a period of 27 months imprisonment, a fine, and the forfeiture of six firearms and 10,059 rounds of ammunition (an additional firearm was included in the forfeiture imposed at sentencing), and judgment was entered to that effect (Doc. # 50). Defendant has appealed his convictions and sentence.

### II.     **Forfeiture Proceedings**

#### A.     As to Defendant

Defendant has filed a number of motions relating to the forfeiture of his firearms and ammunition. The United States sought forfeiture of those items pursuant to 18 U.S.C. § 924(d), which provides that any firearm or ammunition involved in or used in any knowing violation of certain criminal statutes, including 18 U.S.C. §§ 922(a)(6) and 922(g), shall be subject to seizure and forfeiture. 18 U.S.C. § 924(d). The procedures for the forfeiture are governed by 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2. All right, title, and interest in the property subject to forfeiture vests in the United States upon commission of the offense giving rise to the forfeiture. 21 U.S.C. § 853(c). The indictment must contain notice to the defendant that the United States will seek forfeiture of property as part of any sentence. Fed. R. Crim. P. 32.2(a). As soon as practicable after a guilty verdict, the district court must determine what property is subject to forfeiture and whether the United States has established the requisite nexus between that property and the offense; if the court finds that specific property is in fact subject to forfeiture, it must then promptly enter a preliminary order of forfeiture, which directs forfeiture of the property without regard to any third party's interest. *Id.* 32.2(b). At sentencing, the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment. *Id.*

In this case, the indictment gave defendant notice of the United States's intent to seek forfeiture of property. Immediately after defendant was convicted on Counts 3, 4,

and 5, the Court found that the firearms and ammunition seized from defendant were properly subject to forfeiture and that the requisite nexus had been established, and it orally issued a preliminary order of forfeiture. After the United States submitted a written motion, the Court entered a written preliminary order of forfeiture. At sentencing, defendant raised no objections to the forfeiture section of the presentence report. The Court proceeded to impose on defendant a sentence including forfeiture of various firearms and ammunition, and judgment was entered accordingly.

Defendant has now filed various motions relating to the forfeiture. Defendant has moved for a continuance of the time in which to file a response to the United States's pending motion for final order of forfeiture. In that motion (Doc. # 76), defendant disputes the Court's jurisdiction to enter the forfeiture, disputes that the requisite nexus to the offenses has been established, and states that he does not have access to the case materials necessary to challenge the final order of forfeiture. In another motion (Doc. # 84), defendant seeks a stay of the final order of forfeiture, based on his lack of counsel and the lack of proper notice of the forfeiture and the requisite nexus. In a third motion (Doc. # 91), defendant seeks discovery from the United States of various documents and information relating to the forfeiture.

The Court denies all three of these motions. As noted above, defendant received notice of the forfeiture in the indictment, at trial, in the Court's preliminary order, in the presentence report, and at sentencing. The forfeiture became final with respect to defendant at sentencing, and judgment was entered to that effect. Defendant has now

appealed that sentence. If that appeal proves unsuccessful, defendant may challenge the forfeiture in this Court only by a properly-instituted collateral attack.

Defendant has also moved the Court for an order requiring the United States to provide an inventory of firearms and ammunition in its possession that were seized from defendant (Doc. # 114). This motion too is denied, based on the finality of the forfeiture. The Court will order the United States, however, to return to defendant immediately any seized property that it still possesses that was not properly forfeited.[1]

### B.  Stay of Final Order of Forfeiture

Although the judgment entered at sentencing finally determined any forfeiture issues as they relate to defendant, that judgment did not close forfeiture proceedings with respect to any interests in the forfeited property that could be asserted by third parties. To that end, the United States published notice of the Court's preliminary order of forfeiture, which advised third parties of their right to petition the Court within 30 days to adjudicate any interests in the forfeited property. *See* 21 U.S.C. § 853(n) (procedure for resolving third party interests in property subject to forfeiture); Fed. R. Crim. P.

---

[1]In his motion, defendant particularly asks about the Imbel firearm that was seized from him. That firearm was identified in the indictment and was included in the forfeiture effected at sentencing and in the judgment. The Imbel firearm has been omitted from the United States's written forfeiture motions, however. Thus, it appears that although that firearm has been forfeited, the United States may not have published proper notice of that firearm's forfeiture, such that a final order of forfeiture allowing disposition of the firearm by the United States could be entered. Given the stay of the final order of forfeiture pending appeal, *see infra*, any such issue involving this firearm is not presently before the Court.

32.2(c) (same). When no third-party petitions were filed within the 30-day deadline, the United States moved for a final order of forfeiture (Doc. # 70).

Defendant has moved for a stay of the order of forfeiture pending resolution of defendant's appeal (Doc. # 77). Rule 32.2 provides that a court "may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review." Fed. R. Crim. P. 32.2(d). The United States has consented to such a stay here. Accordingly, the Court grants defendant's motion for a stay, and the United States's motion for final order of forfeiture will remain pending until after resolution of defendant's appeal, at which time the United States may renew the motion as appropriate.

### C.  Ancillary Petitions by Third Parties

After the United States filed its motion for final order of forfeiture, third-party petitions were filed by Leroy Lester (Doc. # 79) and Jerry Lester, Jr. (Doc. # 80) seeking the return of some or all of the forfeited property. The stay of the final order of forfeiture entered by the Court does not affect or delay ancillary proceedings to adjudicate third-party petitions. Fed. R. Crim. P. 32.2(d). Therefore, the Court will proceed to consider the third-party petitions.

The United States has moved to dismiss the two petitions pursuant to Rule 32.2, which provides as follows:

> In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are

6

assumed to be true.

*Id.* (c)(1)(A). The United States first seeks dismissal on the basis that the petitions are untimely, not having been filed within 30 days after the final publication notice. In their responses to the United States's motions, petitioners have not offered any reason for the untimeliness of the petitions; nor have they challenged the adequacy of the publication notice. The forfeiture statute provides only 30 days from the final publication notice in which to petition the court for adjudication of a third-party interest in property subject to forfeiture. 21 U.S.C. § 843(n)(2). Therefore, the third-party petitions filed in this case are untimely, and the Court grants the motions to dismiss those petitions on that basis.

The Court also grants the motions to dismiss on the basis of those petitions' failure to state a claim. In his petition, Leroy Lester, defendant's father, states that he purchased a particular shotgun for defendant on defendant's twelfth birthday; that he had retained possession of that shotgun for defendant for over 40 years; that defendant had the shotgun at the time of its seizure only because he had removed it from a house vacated by Leroy Lester for safe-keeping; and that although the shotgun was a childhood gift to defendant, it had always been in Leroy Lester's possession. In his response to the United States's motion to dismiss, Leroy Lester argues that his claim is based on the fact that he was the original purchaser of the shotgun.

Leroy Lester's petition fails to state a claim based on any right to ownership of the shotgun. The facts of the petition (taken as true) clearly indicate that the shotgun was given as a gift to defendant many years ago, and that petitioner merely kept the shotgun

in his house for defendant.² The United States's motion to dismiss Leroy Lester's petition on that basis is therefore granted, and the petition is hereby dismissed.

The petition by Jerry Lester, Jr., defendant's son, is similarly flawed. In that petition, Jerry Lester, Jr. states that as defendant's eldest son, "I have been promised all my Dad's firearms and ammunition for most of my life," and that the collection was "meant to be mine to use as I please." Thus, the facts of the petition (taken as true) reveal only an intent by defendant to give the items to his son *at some time in the future*. Those facts do not indicate that a transfer of ownership had already taken place.

In his response to the United States's motion to dismiss, in which he "reasserts" his interest in the property, Jerry Lester, Jr. argues as follows:

> In conclusion, I've stated that [defendant] has always promised me, Jerry Lester, Jr., all his personal property should he die or something happen to him, as has happen [sic] in this case, that prohibits his possession. I was gifted with this property pre-indictment and was told to keep it in trust for my son, which is my plan. I've attempted to illustrate that an oral will and promise of gift constitute a binding contract.

Notwithstanding the inherent inconsistency in petitioner's claim of both a completed gift and a promise of a future gift, the Court questions whether petitioner may raise any additional grounds for his claim not raised in his initial petition. *See* 21 U.S.C. § 853(n)(3) (petition shall set forth the nature and extent of the interest in the property, the time and circumstances of the petitioner's acquisition of that interest, and any additional

---

²Although it does not consider such evidence in ruling on the United States's motions to dismiss, the Court notes that after the seizure defendant stated under penalty of perjury that all of the seized firearms and ammunition were his own property.

facts supporting the claim); *United States v. Soreide*, 461 F.3d 1351, 1355 (11th Cir. 2006) (denying forfeiture relief on a basis asserted only in response to the United States's summary judgment motion, and not in the petition as required). Even if petitioner's additional allegations are considered, however, they still fail. Those allegations indicate only that the transfer of property occurred "pre-indictment," after something had "happened" to defendant that prohibited his possession.[3] The relevant statute provides, however, that title to the property vested in the United States upon defendant's commission of the particular offenses for which he was convicted. *See* 21 U.S.C. § 853(c). Neither the petition nor the brief of Jerry Lester, Jr. contains any facts indicating that defendant actually transferred the property to his son *prior to* the offense conduct, and not merely after the seizure by authorities that might have alerted defendant that his right to possess the items might be in jeopardy.[4] Thus, Jerry Lester, Jr.'s petition does not properly state a claim, and the United States's motion to dismiss is granted on that alternative basis.[5]

---

[3]This new claim by petitioner of a completed gift is contradicted by defendant's own "affidavit", which he submitted in support of the petition. In that affidavit, defendant states that his son has been told for most of his life that the firearms and ammunition "were his for the asking," that the items "were to be his when he was old enough," and that the items "were promised to him." Thus, defendant's own statement indicates an intent to give the property to his son *in the future*, and not that such a gift had already been made.

[4]Again, the Court notes defendant's post-seizure statement that he owned all of the seized property. *See supra* note 2.

[5]The United States also seeks dismissal of the petitions for the reason that they
(continued...)

9

### III.  Remaining Motions

Finally, defendant has filed a number of motions (Doc. ## 93, 94, 95, 97, 98, 99, 100) seeking documents or information from the United States concerning its investigation of defendant. Defendant has not provided any authority that would allow such requests at this stage of the proceedings. Accordingly, those motions are denied.

Three matters filed by defendant remain pending. The United States has already been ordered to file responses to defendant's Motion Seeking Declaratory Relief (Doc. # 124) and his Motion for Vacatur of Prior Judgment (Doc. # 126). The Court would also like the United States to respond to defendant's Writ of Coram Vobis and Judicial Clarification (Doc. # 92); such response shall be filed by April 18, 2008, with any reply brief filed by defendant by May 19, 2008.

IT IS THEREFORE ORDERED BY THE COURT THAT the petitions by Leroy Lester (Doc. # 79) and Jerry L. Lester, Jr. (Doc. # 80) asserting interests in property subject to forfeiture are **dismissed**, and the United States's motions to dismiss those petitions (Doc. ## 106, 109) are **granted**.

IT IS FURTHER ORDERED THAT defendant's motion for a stay of forfeiture

---

[5](...continued)
were not signed under penalty of perjury. *See* 21 U.S.C. § 853(n)(3). Because petitioners, in responding to the United States's motions to dismiss, "reasserted" their claim under penalty of perjury, the Court will not also base its dismissal of the petitions on this failure.

pending appeal (Doc. # 77) is **granted** as unopposed, and the United States's motion for final order of forfeiture (Doc. # 70) remains pending.

IT IS FURTHER ORDERED THAT defendant's other motions for continuance and stay (Doc. ## 76, 84) are **denied**.

IT IS FURTHER ORDERED THAT defendant's motion for discovery relating to the forfeiture (doc. # 91) is **denied.**

IT IS FURTHER ORDERED THAT defendant's motion seeking information from the United States regarding property seized from defendant (Doc. # 114) is **denied**; the United States is ordered to return to defendant immediately any seized property that has not been forfeited as a part of defendant's sentence.

IT IS FURTHER ORDERED THAT defendant's various motions (Doc. ## 93, 94, 95, 97, 98, 99, 100) seeking orders compelling the United States to provide documents and information are **denied**.

IT IS FURTHER ORDERED THAT the United States shall file, by April 18, 2008, a response to defendant's Writ of Coram Vobis and Judicial Clarification (Doc. # 92).  Any reply shall be filed by defendant by May 19, 2008.

IT IS SO ORDERED.

Dated this 18th day of March, 2008, in Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge