IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-20151-JWL |
| | ) | |
| JERRY L. LESTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

In February 2007, a jury convicted defendant Jerry Lester of one count of making a false statement in connection with the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6), and two counts of possessing a firearm in commerce while an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3).  In June 2007, defendant was sentenced to a period of 27 months imprisonment, a fine, and the forfeiture of certain firearms and ammunition, and judgment was entered to that effect.  Defendant has appealed from the judgment.  By order entered March 18, 2008, the Court dismissed petitions by which defendant's father and son asserted interests in property subject to forfeiture; denied defendant's motions seeking discovery and information from the Government; and granted defendant's unopposed motion for stay of the final order of forfeiture pending defendant's appeal (Doc. # 128).  *See United States v. Lester*, 2008 WL 732897 (D. Kan. Mar. 18, 2008).

This matter presently comes before the Court on defendant's Motion for Vacatur of Prior Judgement [sic] (Doc. # 126), by which defendant challenges that portion of the judgment involving the forfeiture of his property; and defendant's Motion Seeking Declaratory Relief (Doc. # 124), by which he seeks a stay of the execution of the fine and special assessment imposed at sentencing. The Court **denies** both motions.

1.     Motion to Vacate Forfeiture Judgment

Citing Fed. R. Civ. P. 60, defendant seeks to vacate his judgment as it relates to the criminal forfeiture of various firearms and ammunition under 18 U.S.C. § 924(d). In support of such relief, defendant makes a number of arguments, including the following: failure to follow rules of civil forfeiture under 18 U.S.C. § 983; insufficient notice of the forfeiture; lack of a hearing or other opportunity to challenge the forfeiture; lack of a jury determination concerning forfeiture; lack of a nexus between the offenses and the forfeited property; lack of representation by counsel concerning forfeiture; double jeopardy or collateral estoppel; and a lack of Congressional authority under the Commerce Clause to enact one of the offense statutes.

Defendant's arguments appear entirely devoid of merit. The Government did not pursue a civil forfeiture, and neither the civil forfeiture provisions nor civil Rule 60 applies here. The indictment and other pre-sentence proceedings gave defendant notice of the United States's intent to seek forfeiture of property. Defendant did not request a jury determination regarding forfeiture. *See* Fed. R. Crim. P. 32.2(b)(4). Immediately after the convictions, the Court found that the firearms and ammunition were subject to

2

forfeiture and that the requisite nexus had been established.  At sentencing, defendant raised no objections to the forfeiture section of the presentence report.  The forfeiture became final with respect to defendant at sentencing, and judgment was entered to that effect.  *See* Fed. R. Crim. P. 32.2(b).  That judgment may only be challenged by a properly-instituted collateral attack.

The Court may not address the merits of defendant's arguments at this time, however, because defendant has appealed the judgment against him, which includes the forfeiture provisions of his sentence.  That appeal divests this Court of jurisdiction to consider challenges to the judgment.  *See United States v. Costelon*, 1991 WL 59404, at *2 (Apr. 17, 1991).  Therefore, defendant's motion to vacate is denied without prejudice given the pendency of defendant's direct appeal.

2.    Motion for Stay of Collection of Fine and Special Assessment

Defendant's sentence included imposition of a fine of $6,000 and a special assessment of $300.  Defendant requests an order staying collection of those amounts during the pendency of defendant's appeal or until after his incarceration is completed.

Fed. R. Crim. P. 38(c) gives the Court discretion to stay a sentence to pay a fine or costs "on any terms considered appropriate."  In deciding whether to exercise such discretion, the Court considers whether the defendant will suffer irreparable injury absent a stay; substantial injury to other parties if the stay is issued; whether the defendant has demonstrated a substantial possibility of success on appeal; and public interests that may be affected.  *See Jenkins v. INS*, 32 F.3d 11, 15 (2d Cir. 1994); *United States v. Turner*,

3

1994 WL 409632, at *1 (D. Kan. July 18, 1994).

The Court concludes that the requested stay is not warranted here. The Government concedes that it would not suffer substantial injury from a stay, but the public interest is not advanced by a stay, and defendant has not shown any possibility of success on direct appeal. Nor has defendant established that he would suffer irreparable injury without a stay. Defendant cites regulations under which he would receive less favorable treatment or lose privileges in prison if he does not make payments of at least $8.33 per month towards his financial obligations. *See* 28 C.F.R. § 545.11. Defendant has not shown, however, that that minimal payment would work such a hardship on him in prison disproportionate to that of other inmates. Accordingly, the Court denies defendant's motion.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's Motion for Vacatur of Prior Judgement [sic] (Doc. # 126) is **denied without prejudice**.

IT IS FURTHER ORDERED THAT defendant's Motion Seeking Declaratory Relief (Doc. # 124) is **denied**.

4

IT IS SO ORDERED.

Dated this 21st  day of May, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge