# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                             Case No. 06-20151-JWL

Jerry L. Lester,

        Defendant.

### <u>MEMORANDUM & ORDER</u>

In March 2006, agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives received information that defendant Jerry Lester had corresponded via email with an individual in Germany named Claus Chownietz regarding the sale of a firearm silencer in May 2005. Over the course of six emails between these two parties, Mr. Lester confirmed that the silencer was still for sale, the amount charged for shipping to his address in Kansas, and Mr. Chownietz's mailing address to which Mr. Lester could send the funds. Based on these emails, agents began investigating Mr. Lester and the scope of that investigation expanded to include the possibility that Mr. Lester had made false statements when he filled out the ATF forms related to a firearm purchase in February 2006 at a local pawn shop. In obtaining a search warrant for Mr. Lester's home and office, agents indicated, among other details, that other ATF agents had successfully purchased a firearm silencer from the German individual. Ultimately, agents discovered and seized six firearms, over 10,000 rounds of ammunition and drug paraphernalia. The agents did not discover a firearm silencer.

In February 2007, Mr. Lester was convicted by a jury of making false statements to acquire firearms and using a controlled substance in possession of firearms. He was sentenced to 27 months' imprisonment.[1] Mr. Lester's conviction and sentenced were affirmed by the Tenth Circuit. *United States v. Lester*, 285 Fed. Appx. 542 (10th Cir. 2008). This matter is now before the court on Mr. Lester's motion for writ of error coram nobis. Coram nobis is "predicated on exceptional circumstances not apparent to the court in its original consideration of the case." *Thomas v. United States Disciplinary Barracks*, 625 F.3d 667, 670 n.3 (10th Cir. 2010). Under coram nobis, "a court can remedy an earlier disposition that is flawed because the court misperceived or improperly assessed a material fact." *Id.* The error, however, "must be so fundamental as to render the proceedings themselves irregular and invalid; in the interests of promoting the finality of appeals, the standard for obtaining relief through coram nobis is more stringent that the standard applicable on direct appeal." *Id.*

In his motion, Mr. Lester asserts that he recently conducted a Google search and found emails and other information relating to Claus Chownietz reflecting that other individuals had responded to Mr. Chownietz's postings in the same manner as Mr. Lester. Mr. Lester also asserts that these emails indicate that Mr. Chownietz was perpetrating a fraud against numerous victims, including Mr. Lester. According to Mr. Lester, this "third class of communications" constitutes newly discovered evidence which was not disclosed by the government during discovery in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). For several reasons, Mr. Lester has not satisfied the stringent coram nobis standard. First, information was presented to the jury (and provided to Mr. Lester during discovery) that other individuals had inquired or

---

[1] Mr. Lester has completed his sentence of incarceration and supervised release.

purchased suspicious items from Mr. Chownietz over a period of time. Second, no *Brady* violation can be established because, among other things, the information identified by Mr. Lester is readily available to the public by virtue of the very Google search that Mr. Lester conducted. Third, many of the emails identified by Mr. Lester reflect posting dates well after the trial date such that the government obviously could not have produced them prior to trial. Finally, Mr. Lester has not shown how such information would have been admissible or relevant to the charges against him. Mr. Lester's motion, then, is denied.

**IT IS SO ORDERED.**

Dated this 1st day of November, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge