# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                                         Case No. 06-20151-JWL

**Jerry L. Lester,**

    **Defendant.**

## MEMORANDUM & ORDER

In March 2006, agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives received information that defendant Jerry Lester had corresponded via email with an individual in Germany named Claus Chownietz regarding the sale of a firearm silencer in May 2005. Over the course of six emails between these two parties, Mr. Lester confirmed that the silencer was still for sale, the amount charged for shipping to his address in Kansas, and Mr. Chownietz's mailing address to which Mr. Lester could send the funds. Based on these emails, agents began investigating Mr. Lester and the scope of that investigation expanded to include the possibility that Mr. Lester had made false statements when he filled out the ATF forms related to a firearm purchase in February 2006 at a local pawn shop. In obtaining a search warrant for Mr. Lester's home and office, agents indicated, among other details, that other ATF agents had successfully purchased a firearm silencer from the German individual. Ultimately, agents discovered and seized six firearms, over 10,000 rounds of ammunition and drug paraphernalia. The agents did not discover a firearm silencer.

In February 2007, Mr. Lester was convicted by a jury of making false statements to acquire firearms and using a controlled substance in possession of firearms. He was sentenced to 27 months' imprisonment.[1] Mr. Lester's conviction and sentenced were affirmed by the Tenth Circuit. *United States v. Lester*, 285 Fed. Appx. 542 (10th Cir. 2008). This matter is now before the court on Mr. Lester's motion to overturn and void his conviction and to restore his constitutional rights and return property (doc. 224). Mr. Lester has also filed several motions relating to his motion to overturn his conviction, including a motion for discovery and production (doc. 229); a motion to recall a government witness (doc. 231); and a second motion for discovery and production (doc. 238).

In his motion to overturn and void his conviction, Mr. Lester asserts that his conviction should be overturned on the grounds that federal agents, in obtaining a search warrant for Mr. Lester's home and office, allegedly misrepresented that they had successfully purchased a firearm silencer from Mr. Chownietz when, in fact, they had purchased an "air gun silencer not subject to federal law." Mr. Lester seeks relief under the Administrative Procedure Act (APA), 5 U.S.C. § 551 et seq. For several independent reasons, the court must deny Mr. Lester's motion to overturn his conviction.

Mr. Lester is not entitled to relief under the APA. The APA allows for judicial review of a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The misrepresentation alleged by Mr. Lester does not qualify as a "final agency action"—it is simply one aspect of a long-term investigation conducted by the Bureau of Alcohol, Tobacco and Firearms. *See* 5 U.S.C. § 551(13) (defining "agency action" to include the "whole or part of

---

[1] Mr. Lester has completed his sentence of incarceration and supervised release.

an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act"). Moreover, Mr. Lester cannot demonstrate that "no other adequate remedy" was available to him. The alleged misrepresentation made by ATF agents could have been challenged through a motion to suppress before this court; through the appeal process; or through the filing of a habeas action under 28 U.S.C. § 2255. *Versata Development Corp. v. Rea*, ___ F. Supp. 2d ___, 2013 WL 4014649, at *13 (E.D. Va. Aug. 7, 2013) (relief not available under APA where adequate remedy existed through direct appeal process); *Stone v. Holder*, 859 F. Supp. 2d 48, 52-53 (D.D.C. May 9, 2012) (no relief under APA where remedies are found in § 2255 or the appellate process). Finally, any claim for relief under the APA is clearly barred by the six-year statute of limitations, which began to run no later than November 2006 when Mr. Lester filed his motion to suppress the evidence seized from his home and office. *See Impact Energy Resources, LLC v. Salazar*, 693 F.3d 1239, 1245-46 (10th Cir. 2012) (APA claims must be brought within 6 years of the claim's accrual rather than within six years of notice).

Even assuming that the APA was an appropriate and timely vehicle for Mr. Lester's motion, he would not be able to establish that he is entitled to relief on the merits of his motion. The evidence at trial established that the ATF Firearms Technology Branch determined that the silencer purchased by agents was in fact a legal silencer as governed by the Gun Control Act and the National Firearms Act. In any event, even assuming that agents misrepresented what they had purchased, the Tenth Circuit held that the affidavits provided probable cause for the search on two alternatively sufficient grounds that are entirely unrelated to the silencer—the emails between Mr. Lester and Mr. Chownietz and the representations that Mr. Lester had filled out an ATF form using a certain address when other information suggested that he did not live there.

See *United States v. Lester*, 285 Fed. Appx. 542, 546-47 (10th Cir. 2008) (the "email exchange alone provided sufficient information to support a finding of probable cause" and the conflicting address information "presented the magistrate with a sufficient basis to conclude that Lester had violated 18 U.S.C. § 922(a)(6) [such that] probable cause also supported this aspect of the warrant"). Thus, even assuming the existence of a misrepresentation concerning the nature of the silencer purchased by agents, the affidavits filed in support of the warrant nonetheless provided probable cause for the search and Mr. Lester would not be entitled to any relief.

Mr. Lester's remaining motions for discovery and production and to recall a government witness are expressly related to his motion to overturn his conviction and seek information pertinent to determining issues in that motion. Because the court has concluded that Mr. Lester is not entitled to relief on the motion to overturn his conviction, there is no basis on which to grant the remaining motions and those motions are therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Lester's motion to overturn and void conviction and restore constitutional rights and return property (doc. 224) is **denied**; Mr. Lester's motion for discovery and production (doc. 229) is **denied**; Mr. Lester's motion to recall government witness (doc. 231) is **denied**; and Mr. Lester's motion for discovery and production (doc. 238) is **denied**.

**IT IS SO ORDERED.**

Dated this19th day of February, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge