## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                    **Case No. 06-20151-JWL**

**Jerry L. Lester,**

       **Defendant.**

### <u>MEMORANDUM & ORDER</u>

In March 2006, agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives received information that defendant Jerry Lester had corresponded via email with an individual in Germany named Claus Chownietz regarding the sale of what it believed was a firearm silencer in May 2005.  Over the course of six emails between these two parties, Mr. Lester confirmed that the silencer was still for sale, the amount charged for shipping to his address in Kansas, and Mr. Chownietz's mailing address to which Mr. Lester could send the funds.  Based on these emails, agents began investigating Mr. Lester and the scope of that investigation expanded to include the possibility that Mr. Lester had made false statements when he filled out the ATF forms related to a firearm purchase in February 2006 at a local pawn shop.  In obtaining a search warrant for Mr. Lester's home and office, agents indicated, among other details, that other ATF agents had successfully purchased a firearm silencer from the German individual.  Ultimately, agents discovered and seized six firearms, over 10,000 rounds of ammunition and drug paraphernalia.  The agents did not discover a firearm silencer.

In February 2007, Mr. Lester was convicted by a jury of making false statements to acquire firearms and using a controlled substance in possession of firearms. He was sentenced to 27 months imprisonment.[1]  Mr. Lester's conviction and sentence were affirmed by the Tenth Circuit.  *United States v. Lester*, 285 Fed. Appx. 542 (10th Cir. 2008).  Mr. Lester has made several recent (but unsuccessful) attempts to obtain relief from his conviction.  In August 2013, Mr. Lester filed a motion for a writ of error coram nobis.  The court denied that motion on the merits and the Tenth Circuit affirmed the court's decision.  In November 2013, Mr. Lester filed a motion to overturn and void his conviction under the Administrative Procedure Act, to restore his constitutional rights and to return his property.  He also filed various motions for discovery and to recall certain government witnesses.  The court denied each of those motions on the merits.  Mr. Lester has now filed a petition for declaratory judgment (doc. 247) to determine his legal rights to possess an air gun silencer, air gun silencer baffle parts and air gun barrel shrouds and to determine whether an air gun silencer is characterized as a "firearm" under federal law.

It is unclear whether the relief sought by Mr. Lester concerns the silencer that triggered the search of Mr. Lester's home and office in this case or whether the relief sought concerns Mr. Lester's desire to possess an "air gun silencer" in the future.  To the extent he seeks a determination that the silencer that triggered the search was not a "firearm" under federal law, the motion is denied for two reasons.  First, any efforts to undermine the search in this case or otherwise attack Mr. Lester's conviction through a declaratory judgment is simply not permitted. *See Alexander v. Lucas*, 259 Fed. Appx. 145, 147 (10th Cir. 2007) (prisoner could not use declaratory judgment action filed under § 1983 as a vehicle to challenge the validity of his

---

[1] Mr. Lester has completed his sentence of incarceration and supervised release.

conviction); *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966) (Declaratory Judgment Act is not a substitute for appeal or post-conviction remedies); *Myrland v. United States*, 2013 WL 3280258, at *3 n.4 (D. Minn. 2013) (federal prisoner cannot bring declaratory judgment to challenge the validity of federal criminal conviction).  Second, the determination sought by Mr. Lester concerning the silencer that triggered the search in this case is irrelevant to Mr. Lester's conviction in any event.  As noted earlier, the silencer that ATF agents believed Mr. Lester had purchased was never located in the search and Mr. Lester's conviction was not related to the silencer in any respect; rather, Mr. Lester's apparent possession of the silencer simply formed the basis for the initial search.  Thus, to the extent Mr. Lester, in his declaratory judgment motion, seeks a determination concerning the specific "silencer" that ATF agents believed was in Mr. Lester's possession at the time of the search, the motion is denied.

Mr. Lester's motion, liberally construed, may relate to Mr. Lester's desire to possess an "air gun silencer" in the future such that he is asking the court to determine that he may do so without violating federal law.  The court cannot make that determination because it lacks subject matter jurisdiction.  The Declaratory Judgment Act does not create an independent basis for subject matter jurisdiction for federal courts; it provides a remedy for disputes that have federal jurisdiction.  *See Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006).  While Mr. Lester contends that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, there is no federal question or controversy implicated by Mr. Lester's declaratory judgment petition.  Mr. Lester's request that the court construe various provisions and terms found in 18 U.S.C. § 921 is insufficient to confer federal question jurisdiction.  *See Woods v. City & County of Denver*, 62 Fed. Appx. 286, 289 (10th Cir. 2003) (construction of phrase found in 18 U.S.C. § 921 is not a

3

"cause of action" and does not confer federal question jurisdiction for purposes of declaratory judgment action); *Wilson v. United States*, 2010 WL 1257866, at *7 (E.D. Tenn. Mar. 25, 2010) (district court lacked subject matter jurisdiction over declaratory judgment action seeking declaration concerning convicted felon's future plans to purchase and sell firearms; no present controversy was stated and no federal question jurisdiction existed); *Kegler v. Dept. of Justice*, 436 F. Supp. 2d 1204, 1219-20 (D. Wyo. 2006) (same).

The government, in response to Mr. Lester's motion, asks the court to impose filing restrictions on Mr. Lester on the grounds that Mr. Lester has continued to file "abusive and vexatious" motions that "serve no purpose but to waste resources of the Court and the Government." The court is not persuaded that Mr. Lester's filings have been abusive or vexatious. While the court agrees that Mr. Lester has filed several motions recently, litigiousness alone does not support an injunction restricting filing activities. *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013). And while Mr. Lester's motion have lacked legal merit, the court does not believe at this juncture that Mr. Lester's filings have stemmed from a desire to abuse the process or to make additional work for the court or the government. Rather, the court believes that Mr. Lester is frustrated with what he perceives as a fundamental misunderstanding on behalf of the government with respect to the underlying facts of Mr. Lester's criminal case. While the court understands Mr. Lester's frustration, the court, at some point, will consider the imposition of filing restrictions if Mr. Lester continues over time to file meritless motions seeking to overturn Mr. Lester's conviction. But the government has not shown that Mr. Lester's litigation history to this point warrants filing restrictions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Lester's petition for declaratory judgment (doc. 247) is **denied**.

**IT IS SO ORDERED.**

Dated this 19th day of June, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge