IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

v.                 Case No. 06-20151-JWL

**Jerry L. Lester,**

   **Defendant.**

## MEMORANDUM & ORDER

  In February 2007, Mr. Lester was convicted by a jury of making false statements to acquire firearms and using a controlled substance in possession of firearms. He was sentenced to 27 months' imprisonment.[1] Mr. Lester's conviction and sentenced were affirmed by the Tenth Circuit. *United States v. Lester*, 285 Fed. Appx. 542 (10th Cir. 2008). Since that time, Mr. Lester has made numerous, unsuccessful attempts to obtain relief from his conviction, including the filing of two petitions for writ of error coram nobis; a motion to overturn his conviction under the Administrative Procedure Act; a petition for declaratory judgment; and various motions for discovery and to recall government witnesses. The court denied each of those motions. This matter is now before the court on Mr. Lester's third petition for writ of error coram nobis. Coram nobis is "predicated on exceptional circumstances not apparent to the court in its original consideration of the case." *Thomas v. United States Disciplinary Barracks*, 625 F.3d 667, 670 n.3 (10th Cir. 2010). Under coram nobis, "a court can remedy an earlier disposition that is flawed because the court misperceived or improperly assessed a material

---

[1] Mr. Lester has completed his sentence of incarceration and supervised release.

fact." *Id*. The error, however, "must be so fundamental as to render the proceedings themselves irregular and invalid; in the interests of promoting the finality of appeals, the standard for obtaining relief through coram nobis is more stringent that the standard applicable on direct appeal." *Id*.

In his motion, Mr. Lester urges that the court's instructions to the jury improperly defined "unlawful user" to include a person who uses or used narcotics on a single occasion rather than limiting that phrase to those persons who frequently or habitually use or used narcotics. Mr. Lester contends that the jury's conviction deprived Mr. Lester of his due process rights in light of the allegedly improper instruction. Because Mr. Lester clearly could have raised this issue on direct appeal or in a motion under 28 U.S.C. § 2255, the court is required to dismiss the petition. *See United States v. Lester*, 557 Fed. Appx. 788, 791-92 (10th Cir. 2014); *United States v. Lester*, 453 Fed. Appx. 810, 811 (10th Cir. 2011).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Lester's petition for writ of error coram nobis (doc. 255) is dismissed.

**IT IS SO ORDERED.**

Dated this 6th day of January, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge