## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                                    **Case No. 06-20151-JWL**

**Jerry L. Lester,**

        **Defendant.**

### MEMORANDUM & ORDER

On May 14, 2012, the government moved for a preliminary order of forfeiture nunc pro tunc to correct a scrivener error contained in the government's earlier forfeiture pleadings. The motion sought to include a firearm omitted from the initial forfeiture pleadings—an Imbel "receiver" piece bearing serial number PAC12188. Shortly after the motion was filed, the defendant's son, Jerry L. Lester, Jr., filed an ancillary proceeding petition asserting his ownership rights in the Imbel receiver. *See* 21 U.S.C. § 853(n). The government now moves to dismiss the petition filed by Jerry L. Lester, Jr. pursuant to Federal Rule of Criminal Procedure 32.2, which provides as follows:

> In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.

*Id*. (c)(1)(A). In its motion, the government contends that Mr. Lester's petition fails to state a claim for relief. The motion is granted.

All right title and interest in property forfeited in a criminal proceeding vests in the government upon commission of the act(s) giving rise to the forfeiture. 21 U.S.C. § 853(c).

Therefore, a petitioner asserting an interest in such forfeited property must in the ancillary proceeding establish by a preponderance of the evidence that either:  (a) the petitioner owned the property prior to the act(s) having given rise to the property's forfeiture; or (b) the petitioner was a bona fide purchaser for value, and was at the time of the property's purchase reasonably without cause to believe that the property was subject to forfeiture. 21 U.S.C. § 853(n)(6)(A) and (B).

In his petition, Mr. Lester makes no claim that he is a bona fide purchaser of the Imbel receiver.  Rather, he asserts that the defendant, "during" the criminal proceedings, "gave [to Mr. Jerry L. Lester, Jr.] all interest in his firearms" including the Imbel receiver.   Assuming the truth of these statements, Mr. Lester necessarily received the Imbel receiver after the commission of the acts giving rise to the forfeiture of the firearms.   In his response to the motion to dismiss, Mr. Lester asserts that the Imbel receiver was gifted to him "prior to 18 March 2008."[1]   This assertion, even if true, does not establish ownership of the Imbel receiver prior to the commission of the acts giving rise to the forfeiture of the Imbel receiver—the Imbel receiver was seized by the government on May 11, 2006.

Because Mr. Lester's petition fails to state a viable claim of ownership interest in the Imbel receiver, the court grants the government's motion and dismisses the ancillary petition.

---

[1] Mr. Lester also suggests that the Imbel receiver cannot be forfeited in any event because the government's forfeiture proceedings with respect to the Imbel receiver were not commenced within 120 days after its seizure.  See 18 U.S.C. § 924(d)(1).  The court has already rejected this argument in its April 16, 2012 memorandum and order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's motion to dismiss the second ancillary proceeding petition of Jerry L. Lester, Jr. (doc. 253) is **granted.**

**IT IS SO ORDERED.**

Dated this 12th day of January, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge